IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLEN R. SLOMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 06-199-SLR |
| ) | |
| RICK KEARNEY, PAT DITTO, ) | |
| MILLER, JAMES DEEL, NANCY ) | |
| THOMAS, and MELVIN HENNESSY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

Plaintiff Glen R. Sloman, an inmate at the Sussex Correctional Institute ("SCI") filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and on April 6, 2006, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 4) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I. THE COMPLAINT**

Plaintiff began his incarceration at SCI on August 19, 2005. He alleges that on September 2, 2005, he was informed by defendant counselor Nancy Thomas ("Thomas") and staff of their classification recommendation, and that he would be notified by the Central Institutional Classification Committee ("CICC") of its decision within one to two weeks. Plaintiff alleges that he

favored one of the recommendations and Thomas suggested that he write to the institution board seeking approval of the program. Plaintiff alleges that on September 9, 2005, he was transferred to the Greentree Program in the minimum security building, but that there was confusion over the transfer.  Plaintiff alleges that counselor Rae Ballard ("Ballard") hoped to resolve the matter, but on September 12th plaintiff was told by Ballard that he was classified to the Greentree Program.  Plaintiff explained to Ballard and other counselors present at the time that he had been recommended for other programs, he had no proof of what CICC had approved for him, and while he was not refusing to participate in the program, he refused to sign the program contract until he "knew what was going on."  (D.I. 2, ¶ 4)

Plaintiff alleges that Ballard informed him that he was only classified to the Greentree Program, and that if he refused to sign the contract, he would be taken to a holding cell to await a write-up and disciplinary hearing.  Plaintiff declined to sign the contract and was taken to the holding cell.  On September 14, 2005, plaintiff received a disciplinary report filed by defendant counselor Terry Miller ("Miller") dated September 12, 2005, for the violation of refusing to participate in a classified treatment program.  A hearing was held on September 15, 2005, before defendant hearing officer Lt. Melvin Hennessy ("Hennessy"), and plaintiff was found guilty of the infraction.

He did not appeal the decision. Plaintiff was sanctioned to ten days in isolated confinement and eighty days loss of all privileges.

On September 21, 2005, plaintiff received his notification of classification assignment from the CICC which contained three other recommendations besides the Greentree Program. Plaintiff alleges that the CICC did not officially approve the recommendations until September 14th, two days after plaintiff was charged with refusing to participate in a classified treatment program. Plaintiff alleges that because he was not "technically classified" to the Greentree Program on September 12th, the charge and finding of guilt for refusal to participate in a classified treatment program were unjust and false.

Plaintiff subsequently filed a grievance on September 28, 2005. On October 26, 2005, he was reclassified by Miller to medium status. Plaintiff's grievance was returned to him the next day as "nongrievable."

On October 30, 2005, plaintiff corresponded with defendant Warden Rick Kearney ("Warden Kearney"), and received a response from the warden on November 3, 2005. Plaintiff alleges that the last line of the memo (not provided to the court) reads, "the fact that the classification was not finalized until 9-14-05 has no bearing on your refusal to participate." (D.I. 2, ¶ 12) Plaintiff alleges that defendant Pat Ditto ("Ditto") received a

copy of the memo. Finally, plaintiff alleges he attempted to resolve the matter by speaking to defendant counselor James Deel ("Deel"), to no avail.

Plaintiff alleges that the actions of the defendants resulted in his receiving an unjust and false charge and a finding of guilt which has affected his sentence from his minimum security status, to work release, to parole. He also alleges it has affected his health. Plaintiff seeks compensatory damages, the charge removed and his classification status returned to minimum.

## II.  STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

Pro se complaints are liberally construed in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami

v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

### III. ANALYSIS

Plaintiff alleges that the defendants did not follow the correct classification procedures which resulted in his receiving a false charge, sanctions, and classification to medium security status. Initially, the court notes that inmates have "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976).

Moreover, neither Delaware law nor Delaware Department of Correction regulations create a liberty interest in a prisoner's classification within an institution. See Del. Code Ann 11, §

5

6529(e). "'As long as the conditions or degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.'" Hewitt v. Helms, 459 U.S. 460, 468 (1983) (quoting Montanye v. Haymes, 427 U.S. 236, 242 (1976)).

It has thus been determined that the transfer of a prisoner from one classification is unprotected by the Due Process Clause even though the change in status involves a significant modification in conditions of confinement. Hewitt, 459 U.S. at 468 (citation omitted); Moody v. Daggett, 429 U.S. 78 (1976 ); see also Lott v. Arroyo, 785 F.Supp. 508, 509 (E.D.Pa. 1991) (plaintiff transferred from group home to correctional facility had no constitutionally enforceable right to participate in work release program); Brown v. Cunningham, 730 F.Supp. 612 (D.Del. 1990) (plaintiff's transfer from general population to administrative segregation, without being given notice and opportunity to challenge it, was not violation of plaintiff's liberty interest).

As to plaintiff's claim that the defendants' actions resulted in the filing of a false disciplinary charge and related disciplinary sanctions, this, without more, does not violate plaintiff's constitutional rights under the Due Process Clause.

See Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir. 2002). Rather, plaintiff's due process rights are triggered by a deprivation of a legally cognizable liberty interest. For a prisoner, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Lesser restraints on an inmate's freedom are deemed to fall "within the expected parameters of the sentence imposed by a court of law." Id. Segregation for a period of 10 days and reclassification to a higher security level "falls within the expected parameters of the sentence imposed by a court of law." Sandin, 515 U.S. at 485; Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997) (prisoner's confinement in administrative segregation for fifteen months did not impose an atypical and significant hardship on prisoner). Here, plaintiff's 10 days in segregation, even if the result of alleged false disciplinary actions, did not trigger the protections of the Due Process Clause.

Plaintiff has not articulated a protected liberty interest with respect to his classification status, discipline, confinement, and loss of privileges. Therefore his claims are dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and § 1915A(b)(1). Amendment of the complaint would be futile. See

Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d. Cir. 1976)

**IV. CONCLUSION**

At Wilmington this 6th day of June, 2006 for the reasons set forth above;

IT IS ORDERED that:

1.  Plaintiff Glen R. Sloman's complaint is DISMISSED without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2.  Plaintiff is not required to pay any previously assessed fees or the $250.00 filing fee.

_____
UNITED STATES DISTRICT JUDGE