

1976 U.S.POSTAGE  PB 2230370
7914 $00.630  JUN 16 06
1737        19947

RECEIVED
JUN 0 8 2006
SCI MAILRO-

RTS
RETURN TO SENDER

☐ OTHER

A ☐ INSUFFICIENT ADDRESS
☐ ATTEMPTED NOT KNOWN
C ☐ NO SUCH NUMBER/STREET
☐ NOT DELIVERABLE AS ADDRESSED
S ☐ - UNABLE TO FORWARD

06 cv 199 SLR

FILED

JUN 20 3:05 PM
DISTRICT OF DELAWARE

RG
Scanned

Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570

OFFICIAL BUSINESS

Glen R. Sloman
SBI# 023536
SCI
P O Box 500
Georgetown, DE 19947

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GLEN R. SLOMAN,                      )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )   Civ. No. 06-199-SLR
                                     )
RICK KEARNEY, PAT DITTO,             )
MILLER, JAMES DEEL, NANCY            )
THOMAS, and MELVIN HENNESSY,         )
                                     )
          Defendants.                )

**MEMORANDUM ORDER**

Plaintiff Glen R. Sloman, an inmate at the Sussex
Correctional Institute ("SCI") filed this civil rights action
pursuant to 42 U.S.C. § 1983.  He appears pro se and on April 6,
2006, was granted in forma pauperis status pursuant to 28 U.S.C.
§ 1915.  (D.I. 4)  The court now proceeds to review and screen
the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the complaint is dismissed
as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and §
1915A(b)(1).

**I.   THE COMPLAINT**

Plaintiff began his incarceration at SCI on August 19, 2005.
He alleges that on September 2, 2005, he was informed by
defendant counselor Nancy Thomas ("Thomas") and staff of their
classification recommendation, and that he would be notified by
the Central Institutional Classification Committee ("CICC") of
its decision within one to two weeks.  Plaintiff alleges that he

favored one of the recommendations and Thomas suggested that he
write to the institution board seeking approval of the program.
Plaintiff alleges that on September 9, 2005, he was transferred
to the Greentree Program in the minimum security building, but
that there was confusion over the transfer.  Plaintiff alleges
that counselor Rae Ballard ("Ballard") hoped to resolve the
matter, but on September 12th plaintiff was told by Ballard that
he was classified to the Greentree Program.  Plaintiff explained
to Ballard and other counselors present at the time that he had
been recommended for other programs, he had no proof of what CICC
had approved for him, and while he was not refusing to
participate in the program, he refused to sign the program
contract until he "knew what was going on."  (D.I. 2, ¶ 4)

Plaintiff alleges that Ballard informed him that he was only
classified to the Greentree Program, and that if he refused to
sign the contract, he would be taken to a holding cell to await a
write-up and disciplinary hearing.  Plaintiff declined to sign
the contract and was taken to the holding cell.  On September 14,
2005, plaintiff received a disciplinary report filed by defendant
counselor Terry Miller ("Miller") dated September 12, 2005, for
the violation of refusing to participate in a classified
treatment program.  A hearing was held on September 15, 2005,
before defendant hearing officer Lt. Melvin Hennessy
("Hennessy"), and plaintiff was found guilty of the infraction.

He did not appeal the decision.  Plaintiff was sanctioned to ten
days in isolated confinement and eighty days loss of all
privileges.

On September 21, 2005, plaintiff received his notification
of classification assignment from the CICC which contained three
other recommendations besides the Greentree Program.  Plaintiff
alleges that the CICC did not officially approve the
recommendations until September 14th, two days after plaintiff
was charged with refusing to participate in a classified
treatment program.  Plaintiff alleges that because he was not
"technically classified" to the Greentree Program on September
12th, the charge and finding of guilt for refusal to participate
in a classified treatment program were unjust and false.

Plaintiff subsequently filed a grievance on September 28,
2005.  On October 26, 2005, he was reclassified by Miller to
medium status.  Plaintiff's grievance was returned to him the
next day as "nongrievable."

On October 30, 2005, plaintiff corresponded with defendant
Warden Rick Kearney ("Warden Kearney"), and received a response
from the warden on November 3, 2005.  Plaintiff alleges that the
last line of the memo (not provided to the court) reads, "the
fact that the classification was not finalized until 9-14-05 has
no bearing on your refusal to participate."  (D.I. 2, ¶ 12)
Plaintiff alleges that defendant Pat Ditto ("Ditto") received a

3

copy of the memo.  Finally, plaintiff alleges he attempted to
resolve the matter by speaking to defendant counselor James Deel
("Deel"), to no avail.

Plaintiff alleges that the actions of the defendants
resulted in his receiving an unjust and false charge and a
finding of guilt which has affected his sentence from his minimum
security status, to work release, to parole.  He also alleges it
has affected his health.  Plaintiff seeks compensatory damages,
the  charge removed and his classification status returned to
minimum.

## II.  STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915
provides for dismissal under certain circumstances.  When a
prisoner seeks redress from a government defendant in a civil
action, 28 U.S.C. § 1915A provides for screening of the complaint
by the court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1)
provide that the court may dismiss a complaint, at any time, if
the action is frivolous, malicious, fails to state a claim upon
which relief may be granted, or seeks monetary relief from a
defendant immune from such relief.

Pro se complaints are liberally construed in favor of the
plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  The
court must "accept as true factual allegations in the complaint
and all reasonable inferences that can be drawn therefrom." Nami

4

v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of

Allentown, 987 F.2d 188, 194 (3d Cir. 1993)).  An action is

frivolous if it "lacks an arguable basis either in law or in

fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the

claims "are of little or no weight, value, or importance, not

worthy of serious consideration, or trivial." Deutsch v. United

States, 67 F.3d 1080, 1083 (3d Cir. 1995).  Additionally, a pro

se complaint can only be dismissed for failure to state a claim

when "it appears 'beyond doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to

relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting

Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

Plaintiff alleges that the defendants did not follow the

correct classification procedures which resulted in his receiving

a false charge, sanctions, and classification to medium security

status.  Initially, the court notes that inmates have "no

legitimate statutory or constitutional entitlement" to any

particular custodial classification even if a new classification

would cause that inmate to suffer a "grievous loss." Moody v.

Daggett, 429 U.S. 78, 88 n. 9 (1976).

Moreover, neither Delaware law nor Delaware Department of

Correction regulations create a liberty interest in a prisoner's

classification within an institution.  See Del. Code Ann 11, §

6529(e). "'As long as the conditions or degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."' Hewitt v. Helms, 459 U.S. 460, 468 (1983) (quoting Montanye v. Haymes, 427 U.S. 236, 242 (1976)).

It has thus been determined that the transfer of a prisoner from one classification is unprotected by the Due Process Clause even though the change in status involves a significant modification in conditions of confinement. Hewitt, 459 U.S. at 468 (citation omitted); Moody v. Daggett, 429 U.S. 78 (1976 ); see also Lott v. Arroyo, 785 F.Supp. 508, 509 (E.D.Pa. 1991) (plaintiff transferred from group home to correctional facility had no constitutionally enforceable right to participate in work release program); Brown v. Cunningham, 730 F.Supp. 612 (D.Del. 1990) (plaintiff's transfer from general population to administrative segregation, without being given notice and opportunity to challenge it, was not violation of plaintiff's liberty interest).

As to plaintiff's claim that the defendants' actions resulted in the filing of a false disciplinary charge and related disciplinary sanctions, this, without more, does not violate plaintiff's constitutional rights under the Due Process Clause.

6

See Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir. 2002). Rather, plaintiff's due process rights are triggered by a deprivation of a legally cognizable liberty interest. For a prisoner, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Lesser restraints on an inmate's freedom are deemed to fall "within the expected parameters of the sentence imposed by a court of law." Id. Segregation for a period of 10 days and reclassification to a higher security level "falls within the expected parameters of the sentence imposed by a court of law." Sandin, 515 U.S. at 485; Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997) (prisoner's confinement in administrative segregation for fifteen months did not impose an atypical and significant hardship on prisoner). Here, plaintiff's 10 days in segregation, even if the result of alleged false disciplinary actions, did not trigger the protections of the Due Process Clause.

Plaintiff has not articulated a protected liberty interest with respect to his classification status, discipline, confinement, and loss of privileges. Therefore his claims are dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and § 1915A(b)(1). Amendment of the complaint would be futile. See

7

Grayson v. Mayview State Hosp._, 293 F.3d 103, 111 (3d Cir. 2002);

Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d. Cir. 1976)

**IV.   CONCLUSION**

At Wilmington this 6th day of June, 2006 for the reasons set forth above;

IT IS ORDERED that:

1.    Plaintiff Glen R. Sloman's complaint is DISMISSED without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2.    Plaintiff is not required to pay any previously assessed fees or the $250.00 filing fee.

UNITED STATES DISTRICT JUDGE

# Other Orders/Judgments

1:06-cv-00199-SLR Sloman v. Kearney et al

## U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from fmt, entered on 6/6/2006 at 5:50 PM EDT and filed on 6/6/2006

**Case Name:**        Sloman v. Kearney et al
**Case Number:**      1:06-cv-199
**Filer:**
**Document Number:** 6

**Docket Text:**
MEMORANDUM ORDER dismissing complaint without prejudice. Plaintiff is not required to pay any previously assessed fees or the $250.00 filing fee. (Copy to pltf.). Signed by Judge Sue L. Robinson on 6/6/06. (fmt, )

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=6/6/2006] [FileNumber=225473-0]
[359a20e64d1e045bd5f0dff678fe279c4698e9e542d347ca0db722cb3f3b131629ef2
f32f7846b8791c06284818cd63d9e5f41b2b92e12f1338ad859cd6eba2e]]

**1:06-cv-199 Notice will be electronically mailed to:**

**1:06-cv-199 Notice will be delivered by other means to:**

Glen R. Sloman
SBI# 023536
SCI
P O Box 500
Georgetown, DE 19947